UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARLENE HANSELMAN CALABRESE,

                                      Plaintiff,

                                                          DECISION AND ORDER

                                                          07-CV-6634L

                                      v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                                      Defendant.
_____

**INTRODUCTION**

Plaintiff, Darlene Calabrese ("Calabrese"), brings this action under 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("the Commissioner") that she is not disabled under the Social Security Act, and therefore, is not entitled to Social Security disability and supplemental security income benefits.

Plaintiff initially applied for Social Security disability benefits on November 18, 1999.[1] She listed a disability onset date of December 31, 1998. (Tr. 91). Plaintiff's application was initially denied on March 10, 2000 and again on reconsideration on May 4, 2000. (Tr. 73,78). Plaintiff then requested a hearing, which resulted in a decision dated August 27, 2001 by ALJ Daniel Shellhamer,

---

[1] "Tr." refers to the transcript of the administrative record.

denying her claims. (Tr. 16-24). ALJ Shellhamer's decision became final when the Appeals Council denied plaintiff's request for review. (Tr. 6).

On September 23, 2002, plaintiff appealed that decision to the district court (Civ. No. 02-CV-6486, Telesca, J.). That action was dismissed and on April 23, 2004, the matter was remanded by stipulated order to the Social Security Administration. (Tr. 365). An Appeals Council order of remand was issued on July 23, 2004 (Tr. 391, 402), instructing the ALJ to, inter alia, obtain supplemental evidence from a vocational expert, posing hypotheticals reflective of the specific capacity and limitations established by the record, identify appropriate jobs and state their incidence in the national economy, and identify and resolve any conflicts between the vocational expert's testimony and information in the Dictionary of Occupational Titles and the Selected Characteristics of Occupations.

On remand, a hearing was held on March 7, 2007 before ALJ Bruce Mazzarella. (Tr. 553 et seq.). ALJ Mazzarella determined that plaintiff was not disabled under the Act (Tr. 334-352), and his decision became the final decision of the Commissioner on November 10, 2007 when the Appeals Council denied plaintiff's request for review. (Tr. 304). This action followed.

The plaintiff has moved, (Dkt. #4) and the Commissioner has cross-moved (Dkt. #6) for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. As discussed below, the Commissioner's decision is affirmed, and the complaint is dismissed.

**FACTUAL BACKGROUND**

Plaintiff was born February 10, 1961 and is presently forty-seven years old. She has an eleventh grade special education and her past employment includes work as a housekeeper, painter,

- 2 -

sales clerk and material handler. (Tr. 27, 41, 63). Her last day of work was in December 1998. (Tr. 57, 91).

In September 1999, plaintiff's primary care physician, Dr. Feinberg, diagnosed her with situational depression and anxiety disorder. Plaintiff was prescribed Paxil and Xanax, and advised to seek counseling and seek employment. (Tr. 253).

On February 9, 2000, plaintiff was examined by psychologist Dr. Thomassen at the request of the Social Security Administration. He found her speech to be sparse, slow and hesitant, and her attention and concentration to be impaired. He estimated that her cognitive functioning was in the low average range, and diagnosed depressive and dependent personality disorders. (Tr. 199-203). On June 7, 2006, plaintiff was examined by Dr. Thomassen for a second time. Dr. Thomassen opined that plaintiff would have difficulty performing complex tasks, relating to coworkers and coping with stress. (Tr. 532). He stated that plaintiff is moderately limited in her ability to understand and remember detailed instructions, carry out detailed instructions, make judgments on simple work-related decisions, interact appropriately with the public, coworkers and supervisors, and to respond to work pressures in the usual and routine work setting. (Tr. 534-535).

Upon referral from Dr. Feinberg, in June 2000, plaintiff met with Cynthia Pierce, a psychiatric social worker, for a screening assessment. Plaintiff reported a history of physical and sexual abuse, anorexia and domestic abuse injuries. (Tr. 180-182). She reported difficulties with concentration, memory, inability to function in public places, and feelings of worthlessness and guilt. She was diagnosed with major depressive disorder and panic disorder with agoraphobia. (Tr. 180).

On August 9, 2004, plaintiff was evaluated by psychologist Dr. Schorr. He diagnosed mild mental retardation, post traumatic stress disorder, anxiety and depression. He found that plaintiff has no useful ability to remember detailed instructions, respond appropriately to supervision, function independently, complete a normal workday on a sustained basis, exercise appropriate judgment, concentrate and attend to tasks over and eight-hour work day, make simple work-related decisions, be aware of normal hazards and make adjustments to avoid them, and to tolerate customary work pressures in a work setting. (Tr. 474-477). He opined that plaintiff is permanently incapable of working in any capacity. (Tr. 472).

On June 10, 2005, Dr. Feinberg, plaintiff's primary care physician, completed a residual functional capacity assessment for plaintiff. He concluded that plaintiff is moderately limited in her ability to respond appropriately to work pressures in a usual or routine work setting. (Tr. 501).

At the initial hearing, the ALJ had taken testimony from Timothy Janikowski, a vocational expert. (Tr. 620-621). He testified that a person with plaintiff's physical profile could not perform plaintiff's past relevant work, but could perform the full range of light or sedentary work (Tr. 620 - 621). The ALJ then added several cognitive and social limitations to the hypothetical, including moderate limitations in concentration, persistence and pace, no complex or varied tasks, moderate limitations in social functioning and cooperating with supervisors, coworkers and the public, little ability to exercise independent judgment or experience changes in work assignments, and low exposure to stress. (Tr. 622). Janikowski testified that such an individual could perform all unskilled sedentary work, and specifically identified the positions of final assembler and unskilled inspector with a sit/stand option. (Tr. 623-627).

The Appeals Council determined that ALJ Janikowski's testimony concerning the incidence of the identified positions was unclear, and specified that upon remand, the new ALJ should gather evidence on that issue, by use of hypothetical questions reflective of plaintiff' limitations, as established by the record.

The hearing on remand was conducted before ALJ Daniel Shellhamer on July 16, 2001. (Tr. 31-70). Plaintiff testified that her concentration is so poor that she finds it difficult to comprehend what she reads, or to write short notes that her family members can understand. (Tr. 46-53). Once again, vocational expert Janikowski testified. The ALJ asked Janikowski to consider the following hypothetical individual: an individual of plaintiff's age, with the physical ability to perform no more than sedentary work, with a limited education, limited reading skills, able to perform only simple one or two-step instructions, with minimal public interaction, minimal occupational changes and job duties, inability to reach overhead more than occasionally, and requiring a sit/stand option. (Tr. 65). Janikowski testified that such an individual could perform jobs in the category of general office clerk, including the positions of addresser, clerical sorter, and clerical tube operator, with 1,400 such jobs in the Finger Lakes Region. (Tr. 64-67).

## DISCUSSION

**I.  Standard for Determining Disability**

A person is considered disabled when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of

not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). In order to determine whether a claimant is disabled, an ALJ employs a five-step inquiry:

> The first step determines whether the claimant is engaged in 'substantial gainful activity.' If he is, benefits are denied. If he is not engaged in such activity, the process moves to the second step, which decides whether the claimant's condition or impairment is 'severe'– i.e., one that significantly limits his physical or mental ability to do basic work activities. If the impairment is not severe, benefits are denied. If the impairment is severe, the third step determines whether the claimant's impairments meet or equal those set forth in the 'Listing of Impairments'. . . contained in subpart P, appendix 1, of the regulations. . . . If the claimant's impairments are not listed, the process moves to the fourth step, which assesses the individual's 'residual functional capacity' (RFC); this assessment measures the claimant's capacity to engage in basic work activities. If the claimant's RFC permits him to perform his prior work, benefits are denied. If the claimant is not capable of doing his past work, a decision is made under the fifth and final step whether, in light of his RFC, age, education, and work experience, he has the capacity to perform other work. If he does not, benefits are awarded.

*Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986) (citations omitted). It is well-settled that plaintiff bears the burden of proof at the first four steps of the analysis. At the fifth and final stage of this process, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work that exists in the national economy. *See Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998); *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

**II.     The ALJ's Decision**

At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date of December 31, 1998. At steps two and three, the ALJ concluded that plaintiff had severe impairments, consisting of chronic neck, back and shoulder discomfort, a borderline IQ, and depression/anxiety disorder, which did not meet or equal a listed impairment. (Tr. 337). At step four, the ALJ concluded that plaintiff retained the RFC to perform sedentary work,

with various physical limitations that are unchallenged here, as well as moderate limitations in concentration, persistence and pace on complex and varied tasks, social functioning, working with the general public, supervisors or fellow workers, and no appreciable ability to exercise independent judgment or cope with changes in work assignments, or to handle work that "is vocationally known to be inherently stressful." (Tr. 345). At step five, the ALJ utilized Medical-Vocational Grid Rule 201.19, and also considered the testimony from vocational expert Janikowski, and concluded, based on plaintiff's age, education, and work experience, that plaintiff was not disabled (Tr. 351).

### III. Standards of Review

The Commissioner's decision that plaintiff was ineligible to receive benefits must be affirmed if it applies the correct legal standards and is supported by substantial evidence. 42 U.S.C. § 405(g); *Shaw v. Carter*, 221 F.3d 126, 131 (2d Cir. 2000); *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). If the Commissioner's decision "rests on adequate findings supported by evidence having rational probative force," a district court cannot not substitute its own judgment for that of the Commissioner. *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002); *see also Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) ("[i]t is not the function of a reviewing court to decide *de novo* whether a claimant was disabled.").

Such a deferential standard, however, is not applied to the Commissioner's conclusions of law. *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984); *accord Tejada v. Apfel*, 167 F.3d 770,

773 (2d Cir. 1999). The Court must determine if the Commissioner's decision applied the correct legal standards in finding that plaintiff was not disabled. "Failure to apply the correct legal standards is grounds for reversal." *Townley*, 748 F.2d at 112. Only after finding that the correct legal standards were applied should the Court consider the substantiality of the evidence. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir.1987). "'Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles.'" *Schaal*, 134 F.3d at 504 (quoting *Johnson*, 817 F.2d at 986).

**IV. Plaintiff's Alleged Disability**

Initially, plaintiff argues that the ALJ erroneously relied upon the Grids to find plaintiff not disabled. Regardless of whether the ALJ's use of the Grids was appropriate, I find that the Commissioner's decision regarding plaintiff's disability is not based on legal error and is supported by substantial evidence, including the vocational expert's testimony that there were jobs in the economy that plaintiff could perform.

At step five of the disability determination, the Commissioner has the burden of proving that there were other jobs that plaintiff could perform, in light of her age, education, work experience, and ability to perform less than the full range of sedentary work. *See Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002). Generally, this burden is met by the introduction of vocational expert testimony or comparable evidence that a significant number of jobs exist which the plaintiff can perform. *See Bapp v. Bowen*, 802 F.2d 601, 603 (2d Cir. 1986).

As set forth above, the vocational expert testified that a person with plaintiff's physical, intellectual and social limitations could perform other work, including several positions under the category of general office clerk. The testimony by vocational expert Janikowski, which is unchallenged by plaintiff, comprises substantial evidence in support of the Commissioner's "not disabled" determination.

Plaintiff argues that the ALJ's hypothetical to the vocational expert was erroneous, in that it failed to specifically mention plaintiff's borderline IQ. However, the treating and examining physicians' reports upon which the hypothetical was based accounted for plaintiff's low IQ by identifying her specific limitations in areas such as concentration, persistence, pace, and ability to handle complex, varied, and/or stressful tasks. There is no evidence that plaintiff's IQ produced functional limitations in any area other than those already specified and described in the hypothetical that the ALJ posed to the vocational expert.

The cases cited by plaintiff, which concern claimants with borderline IQs who were found not disabled using hypotheticals that failed to account for some or all of their demonstrated cognitive limitations, are inapposite. *See Burns v. Barnhart,* 312 F.3d 113, 123 (3d Cir. 2002) (hypothetical that referred to "simple repetitive one, two-step tasks" without reference to intellectual limitations or incorporation of several other mental limitations identified by consultative psychiatrist, is inadequate); *DeLeon v. Secretary of Health and Human Services*, 734 F.2d 930, 935-936 (2d Cir. 1984) (in determining claimant's RFC, ALJ improperly ignored psychologist's findings that claimant is of low intelligence and social comprehension); *Stevens v. Barnhart*, 2003 WL 22016922 at *8

(E.D.Pa. 2003) (hypothetical that describes an RFC limited to "simple, routine tasks" is overly broad: ALJ must include the specific mental difficulties identified by treating and examining physicians).

As such, I find that the ALJ's finding that there are other jobs that plaintiff can perform is supported by substantial evidence. I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

Plaintiff's motion for summary judgment reversing the Commissioner's decision (Dkt. #4) is denied. The Commissioner's cross-motion for summary judgment affirming that decision (Dkt. #6) is granted, and the complaint is dismissed, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 9, 2009.